UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHLEEN M. DUFFY and LINDA
DUFFY KELLEY,

    Plaintiffs,

v.                                                  Case No:   6:14-cv-1545-Orl-37TBS

FOX NEWS NETWORK, LLC,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Leave to Plead Punitive Damages (Doc 51). Upon due consideration I respectfully recommend that the motion be denied.

### I. Background

On July 6, 2014 Defendant broadcast a video of Plaintiffs interacting with another person on the beach at New Smyrna Beach, Florida (Doc. 11, ¶¶ 7-26). In conjunction with the broadcast, Defendant's employees made statements that Plaintiffs "stole a pavilion," were "caught stealing," were "stealing," and that Plaintiff Linda Duffy Kelley "is a thief." (Id., ¶¶ 28-29). Defendants employees also made written statements that Plaintiffs were "trying to steal," were "caught stealing beach canopy," engaged in "attempted theft," were "busted trying to steal," and were "caught red handed." (Id., ¶¶ 28, 30). Plaintiffs allege that these statements were false, defamatory, and made with "gross, blatant and reckless disregard as to" the truth or falsity of the statements (Id., ¶¶ 34-36). They contend that the statements are slander *per se* because "**they falsely imputed that Plaintiffs were criminals**." (Doc. 51 at 12 (emphasis in original)). Based upon these allegations, Plaintiffs filed suit for defamation (Count I), invasion of privacy

(Count II), and the violation of FLA. STAT. § 540.08[1] (Count III) (Id.). On December 22, 2014, Plaintiffs voluntarily dismissed Counts II and III, leaving only their defamation claim for resolution (Doc. 36). Now, they seek leave of Court to amend their complaint to add a prayer for punitive damages, the name of an additional member of the Defendant limited liability company to paragraph 2, and the words "*per se*" to paragraph 35[2] (Doc. 51-4). Defendant opposes the motion (Doc. 52).

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend after a responsive pleading has been served "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The rule allows for liberal amendment in the interests of resolving cases on the merits. Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"). The Eleventh Circuit has said that "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).

However, when a motion to amend requires modification of the case management and scheduling order governing the case, the movant is required to make a showing of

---

[1] Generally speaking the statute, titled "Unauthorized publication of name or likeness," provides remedies for the unauthorized publication of a person's name, portrait, or likeness for trade, commercial or advertising purposes.

[2] If the motion is granted paragraph 35 will be amended to read: "The broadcast was defamatory *per se* towards Plaintiffs."

good cause pursuant to FED. R. CIV. P. 16(b) before the Court will consider permitting amendment of the pleadings pursuant to FED.R.CIV.P. 15(a).  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1988) (affirming denial of leave to amend on ground that plaintiff failed to comply with pretrial scheduling order).  The good cause standard precludes modification of the scheduling order unless the current schedule could "not be met despite the diligence of the party seeking the extension."  See Id. at 1418 (quoting FED. R. CIV. P. 16 advisory committee note).  If the court finds that the movant did not exercise due diligence then the inquiry into good cause is ended.  See Pioneer Int'l (USA), Inc. v. Reid, Case No. 2:07-cv-84-FtM-34DNF, 2007 WL 4365637, at *2 (M.D. Fla. Dec. 12, 2007).

### III. Discussion

The case is in this Court based upon diversity jurisdiction (Doc. 11 ¶¶ 1-4). Consequently, while the Court follows federal procedural law, it applies Florida substantive law to the merits of Plaintiffs' defamation claim.  See Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Lundgren v. McDaniel, 814 F.2d 600, 605 (11th Cir. 1987).

The Case Management and Scheduling Order ("CMSO") that controls the case established a February 17, 2015 deadline for the filing of motions for leave to amend (Doc. 39 at 1).  Plaintiffs' motion was filed on July 16, 2015 and is therefore untimely (Doc. 51).  Curiously, Plaintiffs' motion for leave to amend does not address Rule 16 or the issue of good cause.  Instead, the motion is made pursuant to FLA. STAT. § 768.72 which provides in part:

> In any civil action, no claim for punitive damages shall be
> permitted unless there is a reasonable showing by evidence in
> the record or proffered by the claimant which would provide a

> reasonable basis for recovery of such damages.   The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure….   No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

FLA. STAT. § 768.72(1).   Plaintiffs argue that their motion should be granted because under Florida law, Defendant's statements are slander *per se*, malice is presumed, and the jury may consider an award of punitive damages (Doc. 51 at 4-5).

The pleading component of § 768.72 does not apply to cases in federal court because it conflicts with FED. R. CIV. P. 8(a)(3).   Cohen v. Office Depot, Inc., 184 F.3d 1292, 1299 (1999) vacated in part, 204 F.3d 1069 (11th Cir. 2000) ("Cohen II").   As such, "a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages."   Cohen II, 204 F.3d at 1072.   This Court reached the same conclusion in Commodores Entertainment Corp. v. McClary, No. 6:14-cv-1335-Orl-37GJK, 2015 WL 470591, at *3 (M.D.Fla. Feb. 4, 2015) (citing Cohen II, 204 F.3d at 1072)).   So, Plaintiffs could have included a prayer for punitive damages in their defamation claim on day-one of this action.   Interestingly, they did seek "punitive or exemplary damages" in Count III of their original complaint (Doc. 11 at 9).[3]

Plaintiffs' attorney was "fully cognizant that the Amended Complaint[4] could have contained a pleading of punitive damages as to Count I."   (Doc. 55 at 1).   He explains that he did not include a prayer for punitive damages because "Defendant would have surely moved to strike or otherwise challenge the pleading as being unsupported by

---

[3] This might be explained by the fact that FLA. STAT. § 540.08 expressly provides for punitive or exemplary damages.
[4] Plaintiffs' original complaint was filed on September 24, 2014 (Doc. 1).   They filed an amended complaint two days later (Doc. 6), refiled correctly on September 29, 2014 (Doc. 11).

evidence in the record, and that probably this Court would have granted the strike because no discovery had taken place yet, which discovery would have been the only way to obtain the evidence." (Id.). There is no merit to this argument. Any defense motion to strike punitive damages on the basis of a lack of evidence in the record to support the claim would have been unsuccessful based upon the Eleventh Circuit's holding in Cohen.

The other reason Plaintiffs give for failing to include punitive damages in their complaint is that it was not until counsel received Defendant's answers to Plaintiffs' second set of interrogatories–in particular, Defendant's admission that "it is responsible for all on-air statements made" by its employees (see Doc. 51-1 at 3)–that he "honestly and in food faith, first reached the professional opinion that the pleading of punitive damages would be supported by the record…." (Id. at 2). This explanation is not plausible. If Plaintiffs' counsel did not believe in good faith that Defendant is liable for the statements made by its employees, then why did he file this lawsuit in the first place? FED. R. CIV. P. 11 would have prevented him from signing the original and amended complaints, both of which allege that Defendant's employees falsely accused Plaintiffs of engaging in criminal activity. If, as Plaintiffs contend, this is slander *per se* under Florida law, then there is no reason why they could not have not have sought punitive damages when they filed this lawsuit.[5]

In its Certificate of Interested Persons and Corporate Disclosure Statement filed on October 28, 2014, Defendant identified the legal entities that are related to it (Doc. 24 at 2). Specifically, Defendant certified that it was "wholly owned by Fox Television Stations,

---

[5] Whether Plaintiffs must make a showing by evidence or a proffer that there is a reasonable basis for punitive damages before they can engage in net worth discovery is a separate issue that the Court need not reach unless it first permits amendment of the complaint to add a prayer for punitive damages.

- 5 -

Inc.," ("Fox Television") which in turn is "wholly owned by Twenty-First Century Fox, Inc." ("21st Century Fox").   The amended complaint lists 21st Century Fox, and not Fox Television, as the sole member of Defendant (Doc. 11).   Plaintiffs seek leave to amend to add Fox Television as a member, in addition to 21st Century Fox.   The proposed second amended complaint still gets it wrong because 21st Century Fox is, in fact, not a member of Defendant.   Still, it does not appear that Defendant's actual corporate structure has any effect on the Court's jurisdiction inasmuch as Plaintiffs are both citizens of Florida (Doc. 11, ¶ 1), and Defendant states that Fox Television is a Delaware corporation with its principal place of business in New York (Doc. 52 at 11 n. 8).   But, when the jurisdictional allegations in the pleadings are deficient, the Court cannot rely on an unsworn statement in a brief to support a finding that it has subject matter jurisdiction. Travaglio v. American Express Co., 735 F.3d 1266, 1270 (11th Cir. 2013).   The simplest way to correct this deficiency is for the parties to file a stipulation agreeing to the relevant jurisdictional facts.   Accordingly, I recommend denying this part of the motion without prejudice, with leave for the parties to agree to the necessary stipulation and obviate the need for a new set a pleadings.

   All of Plaintiffs' proposed amendments are untimely and they have not made a showing of good reason as required by Rule 16(b).   The CMSO "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" Payne v. Ryder System, Inc. Long Term Disability Plan, 173 F.R.D. 537, 540 (M.D. Fla. 1997) (quoting Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).   Because Plaintiffs have failed to show good cause to amend the CMSO, their motion for leave to amend should be denied.

### IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiffs' Motion for Leave to Plead Punitive Damages (Doc 51) be **denied**.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 11, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record