**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KATHLEEN M. DUFFY; and LINDA
DUFFY PERRY,

        Plaintiffs,

v.                               Case No. 6:14-cv-1545-Orl-37TBS

FOX NEWS NETWORK, LLC,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Plaintiffs' Motion for Leave to Plead Punitive Damages with Incorporated Memorandum of Law (Doc. 51), filed July 16, 2015;

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 56), filed August 11, 2015;

3. Plaintiffs' Objections to Report and Recommendation (Doc. 57), filed August 13, 2015; and

4. Defendant Fox News Network, LLC's Response in Opposition to Plaintiffs' Objections to Report and Recommendation (Doc. 58), filed August 17, 2015.

In this defamation action, U.S. Magistrate Judge Thomas B. Smith entered a Report and Recommendation ("R&R") that the Court deny Plaintiff's Motion for Leave to Plead Punitive Damages in a second amended complaint. (Doc. 56.) Plaintiffs objected to the R&R (Doc. 56), and Defendant responded (Doc. 58).

When a party objects to a magistrate judge's findings, the district court must "make

a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Upon consideration of the record as a whole and Plaintiff's objections, the Court agrees with Magistrate Judge Smith's comprehensive, well-reasoned R&R. Plaintiffs seek leave to *untimely* amend their complaint to change their defamation claim to a claim for defamation *per se* and add a request for punitive damages. (Doc. 51, pp. 12–13; *see also* Doc. 39 (setting a deadline of February 17, 2015, to amend pleadings).) Plaintiffs failed to demonstrate good cause for amending their pleading several months after the February 17 deadline. *See* Fed. R. Civ. P. 16(b)(4) (requiring a showing of good cause to modify a schedule); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Reliance on Florida Statute § 768.72 is inapposite. Section 768.72 is not applicable in federal court and, additionally, it conflicts with Federal Rule of Civil Procedure 8. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). As a result, plaintiffs in a Florida federal court "need not obtain leave of court before pleading a request for punitive damages." *Id.*

Plaintiffs' objections are an unpersuasive rehash of their prior arguments. (*Compare* Doc. 51, *with* Doc. 57.) Plaintiffs are not entitled to amend their complaint.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Objections to Report and Recommendation (Doc. 57) are **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 56) is **ADOPTED AND CONFIRMED** and made a part of this Order.

3. Plaintiffs' Motion for Leave to Plead Punitive Damages with Incorporated Memorandum of Law (Doc. 51) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 21, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record